Michael B. Palillo P.C.
Attorney for the Plaintiff
277 Broadway Suite 501
New York, New York 10007
212-608-8959
212-608-0304
mpalillo@palillolaw.com

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

DAVID RODRIGUEZ

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT,
PO DANIELLE BIAGINI AND OTHER
UNIDENTIFIED OFFICERS "JOHN DOES"
AND"JANE DOES" 1-5 NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDED TO
DESIGNATE POLICE OFFICERS AND
DETECTIVES OF THE 9TH PCT.
AT THE TIMES AND PLACES ALLEGED

                 Defendants.
------------------------------------X

Civil Action No:
Date Filed:

**VERIFIED
COMPLAINT**

JURY TRIAL DEMANDED

S I R S:

       Plaintiff, DAVID RODRIGUEZ, by his attorney, MICHAEL

B. PALILLO, P.C., complaining of the Defendants, alleges upon

information and belief as follows:

## JURISDICTION AND VENUE

       That the jurisdiction of this Court is invoked

under the Provisions of Sections 1331 and 1343 of Title 28 and

1

Sections 1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this Court with respect to the causes of action under State Law sounding in tort.

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and c) because a substantial part of the events and omissions giving rise to this action occurred in this District. **42 U.S.C. 1985**

### PARTIES AND FACTS

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiff, DAVID RODRIGUEZ, under the Constitution and Laws of the United States of America and the State of New York.

2. That the Plaintiff, at all dates and times hereinafter mentioned, was and still is a resident of the County of New York, State of New York.

3. That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and still is a Municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, [hereinafter "NYPD"], was and still is a Department and/or Agency of the CITY

OF NEW YORK and operates under its supervision, management and control and which is responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers and detectives, including the individually named Defendants herein. Defendant, CITY as an employer of the individual Defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior.*

     5.   That at all dates and times hereinafter mentioned, PO DANIELLE BIAGINI and unidentified law enforcement personnel, "John Doe/Jane Doe" numbered "1-5" names fictitious, true names unknown but intended to be designated Police Officers/Detectives assigned to the 9TH Precinct were agents servants and or employees of the NYPD a municipal agency for the City of and acted within the scope of their employment as such.

     6.   The CITY as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

     7.   The CITY assumes the risk incidental to the maintenance of its police force and employment of police officers.

8. Upon information and belief, the law enforcement activity of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are funded in part with funds from the Federal Government.

9. That a Notice of Claim was duly presented to the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT at the Office of the Comptroller of the City of New York on the 9TH day of October 2015 which was within ninety (90) days of the cause of action accrued herein.

10. That the CITY has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on December 30, 2015.

11. Said claim has been presented for adjustment and payment and no adjustment or payment has been had.

12. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

13. That at all times herein mentioned, the Defendant "CITY" and "NYPD" were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

14. The within claim against the Defendants is for unlawful search and seizure, unlawful arrest, false

imprisonment, unlawful pat down, unlawful detainment, assault,
negligence, negligent hiring, training, followed, stopped,
accused, detained and/or falsely charged with a crime, in
violation of laws which include and are not limited to:

28 U.S.C. §§ 1331, 1343 (3) and 1367 (a)

42 U.S.C. 1983 (Section 1983)

Fourth and Fourteenth Amendments to the
United States Constitution;

the laws of the State of New York;

common law torts of false imprisonment/arrest;

Non consensual detention;

Refusal to allow the Plaintiff to leave an area
and physically preventing him from leaving an
area for a long period of time without his
consent and against his will;

Negligence;

Excessive force;

Assault and Battery;

In placing the plaintiff in imminent and
offensive bodily contact and/or wrongfully
subjecting him to offensive physical contact
without his consent;

5

In subjecting the Plaintiff to a body search.

Malicious prosecution;

15. The within claim arose on July 27, 2015 at approximately 2:30 A.M. at the corner of 1st Avenue and 14th Street County of New York, State of New York.

16. That DAVID RODRIGUEZ was lawfully present on bus on the aforementioned Street and thereafter on the sidewalk.

17. That DAVID RODRIGUEZ was subject to an unlawful stop by police officers employed by the NYPD and CITY OF NEW YORK.

18. That upon information and belief DAVID RODRIGUEZ was subject to an unlawful stop on the aforementioned sidewalk by PO DANIELLE BIAGINI of the 9th Pct.

19. That upon information and belief DAVID RODRIGUEZ was subject to an unlawful stop on the aforementioned sidewalk by unidentified detectives/police officers "JOHN DOE" and "JANE DOE".

20. That DAVID RODRIGUEZ was detained and held against his will, handcuffed, interrogated, accused of committing a crime, searched, detained in handcuffs at the above location for 5-10 minutes, arrested, paraded in handcuffs in public, pushed

into a police vehicle handcuffed, were he was held for twenty-
five (25) minutes while in handcuffs.

     21.   That DAVID RODRIGUEZ was transported to the 9TH
Pct., taken out of the police vehicle in handcuffs, led into the
precinct in handcuffs, again searched, interrogated, accused of
committing a crime, photographed, searched by a female "rookie
police officer" who being instructed by another officer on how
to perform a search, was then fingerprinted by the female
"rookie police officer" who was being instructed on how to take
finger prints and operate a machine, which took approximately
twenty-five (25) minutes, was again patted down, was caused to
remove his belt and shoe laces, handcuffed to a bench for
approximately fifteen (15) minutes held in a cell at the 9th
Pct. for over seven(7) hours was released on his own
recognizance, given a desk appearance ticket (DAT) by PO
DANIELLE BIAGINI and charged with violating NY PL 120.00.01,
which DAT required him to appear in Criminal Court New York
County 100 Center Street, New York New York DAT part on
September 4, 2015; that when DAVID RODRIGUEZ appeared on this
date he was told that there was no docket number assigned to his
case and that he should call the New York County District
Attorney's Office on September 9, 2015; that when DAVID

RODRIGUEZ called the District Attorneys office he was told that he would not be prosecuted and on September 21, 2015 he was given a letter from Justin Reid of the New York County District Attorney Office Case Management services stating the District Attorneys Office is declining to prosecute the case brought against him.

22.   No facts existed that would give rise to the inference that Plaintiff DAVID RODRIGUEZ committed any crime or his actions in any other way were unlawful.

23.   That the officers of the NYPD and CITY did place handcuffs onto the Plaintiff on a public sidewalk, search him on a public sidewalk for in excess of five (5) minutes.

24.   That the officers of the NYPD and CITY did walk and parade the Plaintiff in handcuffs in the open and on busy public sidewalk.

25.   That the officers of the NYPD and CITY did usher the handcuffed Plaintiff into a police vehicle where they kept the Plaintiff handcuffed in the vehicle for approximately twenty five (25) minutes.

26.   That the officers of the NYPD and CITY did drive the handcuffed Plaintiff to the 9th precinct.

27. That the officers of the NYPD and CITY did parade the Plaintiff into the police station in handcuffs.

28. That the officers of the NYPD and CITY did pat down and interrogate the Plaintiff.

31. That the officers of the NYPD and CITY did search the Plaintiff, did photograph the Plaintiff, did finger print him which took approximately fifteen (15) minutes.

32. That the officers of the NYPD and CITY did handcuff the Plaintiff to a bench for approximately fifteen (15) minutes.

33. That the officers of the NYPD and CITY did place the Plaintiff into a holding cell for in excess of seven (7) hours

34. DAVID RODRIGUES was aware of his confinement, did not consent to his confinement, the placing of hands onto his person and his arrest and detainment was not otherwise privileged.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE NYPD and CITY 42 U.S.C. 1985

35. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

36. The NYPD and CITY demonstrated a lack of

9

justification for stopping, searching, seizing, questioning, and particularly handcuffing, parading him on a public sidewalk, placing him into police custody, transporting him to a police station, interrogating him, searching him, placing him in a holding cell, detaining him, holding him and thereafter releasing him.

37.   DAVID RODRIGUEZ was subject to a search and seizure of his person and belongings, falsely detained and taken into custody, arrested and unlawful imprisoned, all against his will and without his consent by the agents, servants and/or employees of the CITY and NYPD.

38.   That the Defendants CITY and NYPD, its agents, servants and employees acted without probable cause or reasonable suspicion to believe that DAVID RODRIGUEZ had committed, was committing, was immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was afoot when they stopped him; detained him on a public sidewalk; handcuffed him on a public sidewalk; assaulted him by placing their hands onto him without his consent; arrested him; kept the Plaintiff handcuffed in a police vehicle; forcibly transported the Plaintiff to the 9th Precinct against his will, by the agents, servants and/or employees of

the CITY/NYPD where he was placed in a holding cell, interrogated; searched, continue to engage in a practice implement and continue to enforce, encourage and sanction policies, practices and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals.

39. Through the actions described above the NYPD and CITY have acted knowingly intentionally maliciously and/or with willful, wanton and reckless disregard for DAVID RODRIGUEZ'S federally and State protected civil rights.

40. The NYPD's and CITY's widespread constitutional abuses have flourished as a result of, directly and proximately caused by ongoing pattern, practices, conspiracy, policies and/or customs devised, implemented and enforced by the NYPD.

41. The NYPD and CITY knew or should have known that their actions as described above were in violation of law.

42. That as a proximate/direct/result of the actions of the CITY/NYPD, its agents, servants and/or employees, DAVID RODRIGUEZ upon information and belief, suffered serious emotional and bodily injuries and damage to his reputation for which he may be required to seek additional medical care and treatment for in the future.

43.   DAVID RODRIGUEZ suffered serious emotional injuries, stress upon his physical system psychological/emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to seek health care in the future.

44.   The Plaintiff seeks compensatory damages as authorized and permitted to the highest extent of the Law.

45.   As a result of the NYPD and CITY acting knowingly, intentionally and/or willfully and/or with willful, wanton and reckless disregard for DAVID RODRITUEZ and/or his Federally protected rights, Plaintiff seeks punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE NYPD AND CITY OF NEW YORK

46.   Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

47.   The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing or arresting persons without probable cause.

48.   The equal protection clause of the Fourteenth Amendment of the United States Constitution bars police officers from targeting individuals on the basis of race or national origin.

49.   The NYPD has engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices and/or customs devised implemented enforced and sanctioned by the CITY with the knowledge that such policies practices and customs would lead to violations of the Fourth and Fourteenth Amendments.

50.   These practices, policies and customs include but are not limited to failing to properly screen, train and supervise NYPD officers, failing to adequately monitor and disciple NYPD officers and encouraging and sanctioning and failing to rectify the NYPD's custom and practices of unlawful stops searches seizures and arrests.

51.   That the NYPD and CITY having knowledge that the work of the NYPD demands extensive training, superior judgment and close supervision, the City failed to properly screen, train and supervise NYPD officers, including supervisors, concerning the legal and factual basis for conducting stops, searches seizures and or arrests, knowing that such failures would result

in Constitutional violations.

52. That the NYPD has engaged in widespread abuses that are directly and proximately the result of the failure of CITY to properly and adequately monitor disciple, to take necessary corrective actions against NYPD Officers who engage in, encourage or conceal these unconstitutional practices, to take sufficient corrective, disciplinary and remedial action to combat the so called "blue wall of silence" wherein NYPD officers conceal on a consistent basis police misconduct or fail and refused to report same.

53. The NYPD, the CITY OF NEW YORK, and NYPD Officers actions constitute constitutional abuses, have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourth Amendment.

54. The CITY and NYPD have implemented, enforced, encouraged and sanctioned a policy practice and custom of stopping, searching, seizing and arresting individuals of color, including the Plaintiff without reasonable articulable suspicion of criminality or probable cause required by the Fourth Amendment.

55.    The NYPD and CITY'S actions constitute
constitutional abuses and violations which were and are directly
and proximately caused by the policies, practices and customs
implemented enforced and encouraged by the NYPD and CITY, and
have acted with deliberate indifference to the constitutional
rights of the Plaintiff in violation of the Fourteenth
Amendment.

56.    The NYPD has acted with deliberate indifference to
the constitutional rights of those who would come into contact
with the NYPD officers by a) inadequately monitoring NYPD
officers and their practices related to  crime enforcement,
failing to sufficiently discipline NYCPD officers who engage in
constitutional abuses and encouraging, sanctioning and failing
to ratify the NYPD's unconstitutional practices, that responding
officers did not inquire into the factual basis for arrests and
detentions or whether there were any objective facts which could
establish probable cause to arrest the individual, but rather
has a policy, practice and/or custom of relying on conclusions
made rather than inquiring into whether there are facts know
which establish that probable cause to arrest existed, with a
deliberate indifference by routinely arresting individuals
without knowing whether they actually have probable cause to

arrest.

57. As a direct and proximate cause of the CITY'S and NYPD's policies practices and/or customs the plaintiff was subject to an unconstitutional stop, search seizure, questioning and false arrests by NYPD Officers.

58. The NYPD and CITY have acted with a deliberate indifference to the Plaintiff's Fourth Amendment rights.

59. The NYPD and CITY of New York having acted under color of law to deprive the Plaintiff of his rights under the Fourth Amendment, are in violation of 42 U.S.C. 1983 which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

60. The policies of the NYPD and CITY has subjected the Plaintiff to stops, searches seizures and arrests without any reasonable articulable suspicion of criminality or probable cause, but rather on the basis of Plaintiff's race and/or national origin.

61. As a result of the foregoing the Plaintiff has suffered serious and irreparable harm to his constitutional rights including but not limited to 42 U.S.C. 1985.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THE CITY OF NEW YORK (VIOLATIONS OF 42. U.S.C. 1983

62.  Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

63.  The NYPD and CITY have engaged in a deliberate indifference to the Fourteenth Amendment rights of the Plaintiff as a result of which Plaintiff's rights have been violated.

64.  As a direct and proximate result of the acts and omissions of the NYPD and CITY have acted under color of state law to deprive the Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE
### DEFENDANTS DETECTIVE LODICO, SGT. RAMIREZ
### AND "JOHN DOES" and "JANE DOES" "1" - "5"

65.  Plaintiff repeat, reiterate, re-alleges and incorporates by reference each and every allegation previously set forth herein at length.

66.  The conduct of Defendants Detective Lodico and Sgt. Ramirez and "JOHN DOES" and "JANE DOES" "1" - "5" in arresting DAVID RODRIGUEZ were performed under color of law and without any reasonable suspicion of criminality or other constitutional grounds.

17

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NYPD, CITY, DETECTIVE LODICO, SGT. RAMIREZ AND "JOHN DOES" and "JANE DOES" "1" - "5"

67.   Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

68.   The NYPD, CITY, P.O. Biagini and "JOHN DOES/JANE DOES" 1-5 have committed the following wrongful acts against the Plaintiff which are tortuous under the Constitution and Laws of the State of New York:

> Assault;
> Battery;
> Unlawful search and seizure
> false arrest;
> False imprisonment;
> Malicious prosecution;
> Negligence;
> Violation of rights otherwise guaranteed under the constitution and laws of the State of New York.

69.   The NYPD, CITY, P.O. Biagini and "JOHN DOES" and "JANE DOES" 1-5 were negligent, careless and reckless in the hiring screening training and retention of P.O. Biagini, "JOHN DOES" and "JANE DOES" 1-5.

70.   The actions  NYPD, P.O. Biagini and "JOHN DOES" and "JANE DOES" 1-5 were a direct and proximate cause of injury and damages to the Plaintiff and violated the statutory and

common law rights as guaranteed to him under the Constitution and Laws of the State of New York.

### AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE LODICO, SGT. RAMIREZ AND "JOHN DOES" and "JANE DOES" "1" - "5"

71. Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

72. The actions of the Defendants PO Biagini, "JOHN DOES" and "JANE DOES" "1" - "5" occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY.

### PRAYER FOR RELIEF

a) Awarding DAVID RODRIGUEZ compensatory and punitive damages against the Defendant CITY and NYPD in an amounts that are fair, just and reasonable to be determined at trial;

b) Awarding compensatory damages in an amount that would fully compensate DAVID RODRIGUEZ, plus pre-judgment interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self esteem, sleep deprivation, loss of enjoyment of life, and interference with

19

life's daily activities, as well as continued stress and anxiety caused by the "CITY" and "NYPD" violations of the law alleged in this Complaint, in an amount to be determined at trial;

c) Declaring the policy, practice and customs of the "CITY" and "NYPD" herein as unconstitutional as it violates the 4th and 14th Amendments of the U.S. Constitution, Title VI, the Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom.

e) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom based on racial and/or national origin

f) Awarding Plaintiff reasonable attorney's fees against the Defendant CITY and NYPD;

g) Order all other relief deemed just, proper and equitable by the Court.

### JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: January 1, 2016
      New York, New York

_____
MICHAEL B. PALILLO (0044)

STATE OF NEW YORK )
               ) SS.:     **V E R I F I C A T I O N**
COUNTY OF NEW YORK)

        David Rodriguez, being duly sworn, deposes and says: We are the Plaintiffs in the within action; I have read the foregoing **Summons and Complaint** and know the contents thereof; the same is true to our own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters we believe it to be true.

Sworn to before me this

_14_ day of January, 2016

_____
Notary Public

                                      _____
                                        DAVID RODRIGUEZ

MICHAEL R. PALILLO
Notary Public State of New York
No. 02PA4804509
Qualified in Nassau County
Commission Expires

May 31 2058

Civil Docket No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID RODRIGUEZ

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT,
PO DANIELLE BIAGINI AND OTHER
UNIDENTIFIED OFFICERS "JOHN DOES"
AND"JANE DOES" 1-5 NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDED TO
DESIGNATE POLICE OFFICERS AND
DETECTIVES OF THE 9TH PCT.
AT THE TIMES AND PLACES ALLEGED

                    Defendants.

---

## SUMMONS AND COMPLAINT

---

### Michael B. Palillo P.C.

*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

---

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.
           0044